**UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANFENG GE,<br><br>                    Plaintiff<br><br>          v.<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>and<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>                    Defendants. | Civil Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to the Freedom of Information Act, 5 U.S.C § 552(a), *et seq*. ("FOIA"), Plaintiff Yanfeng Ge brings this action against Defendants Immigration and Customs Enforcement ("ICE") and the United States Department of Homeland Security ("DHS") seeking declaratory and injunctive relief compelling Defendants to comply with the requirements of FOIA and immediately release improperly withheld records.

### NATURE OF THE CASE

1.     Plaintiff is the brother and next-of-kin of Chaofeng Ge ("Mr. Ge"), who died while being held at Moshannon Valley Processing Center ("MVPC"), an ICE detention facility, on August 5, 2025.

2.     Mr. Ge was found in a shower stall at MVPC an ICE detention facility in Pennsylvania, hanging by his neck, with his hands and legs tied behind his back.

3.      No one from the GEO Group, which runs MVPC, has reached out and offered the family condolences, much less an explanation for how this could have happened.

4.      Mr. Ge was isolated because no one in the facility could speak Mandarin. MVPC staff refused to even try to communicate with him, much less offer him the mental health care that he so urgently needed.

5.      On September 9, 2025, Plaintiff, through his attorneys, filed a FOIA request ("FOIA Request") seeking from the Defendants information pertaining to Mr. Ge's detention at MVPC, including but not limited to the conditions at MVPC during Mr. Ge's detention, his treatment by MVPC personnel, and the circumstances of his death. The FOIA Request was received on September 15, 2025.

6.      Defendants unlawfully ignored the deadline for responding to Plaintiff's Request. Plaintiff brings this suit to compel Defendants to produce the requested information.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because Defendants improperly withheld agency records and the resolution of disputes under FOIA presents a federal question

8.      Venue in this District is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 (b)(2) because Plaintiff is located in this District and the improperly withheld records exist on computer systems within this District.

## PARTIES

9.      Plaintiff Yanfeng Ge is the brother of Mr. Ge and is listed as the informant on Mr. Ge's death certificate. *See* **Exhibit 1** (Certification of Death for Chaofeng Ge).

10.      Defendant ICE is a federal agency within Defendant DHS that enforces various statutes related to immigration, customs, and public security, including the arrest, detention, and removal

2

of individuals who are in the United States unlawfully. ICE is headquartered at 500 12th Street SW, Washington, DC 20536. ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

11. Defendant DHS is a federal executive department responsible for public security that oversees, among other agencies, Defendant USCIS. DHS is headquartered at 2707 Martin Luther King Jr Ave. SE, Washington, DC 20528.

## LEGAL AND FACTUAL BACKGROUND

### I. FOIA Requires Prompt Response to a Request and Disclosure of Government Records Unless an Exception Applies.

12. FOIA "mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011); *see* 5 U.S.C. §§ 552(a)(3)(A), (b)(1)-(9).

13. In furtherance of its purpose to ensure government transparency, FOIA imposes strict deadlines on agencies to provide documents responsive to FOIA requests. *See* 5 U.S.C. § 552(a)(6)(A). After an individual or organization submits a request, the agency must determine within twenty business days after the receipt whether records can be made available considering the nine statutory exemptions. *See id*. § 552(a)(6)(A)(i). An agency is entitled to one ten business-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. *See id*. § 552(a)(6)(B)(i). If the request cannot be processed within the time limit notwithstanding the ten-day extension, the agency must notify the requester and may ask the requester to limit the scope of the request or to arrange an alternative timeframe for processing the request. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

14. FOIA requires the agency to make a reasonable effort to search for the requested records. *See id*. § 552(a)(1)(C). The agency also must immediately notify the requester of the agency's decision as to whether it will comply with the request, provide the reasons for its determination,

3

and inform the requesting party of its right to appeal an adverse agency determination. *Id*. § 552(a)(6)(B)(ii).  The agency "'must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions.'" *Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enf't*, 236 F. Supp. 3d 810, 814 (S.D.N.Y. 2017) (*quoting Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013)).

15.     When an agency fails to make a determination within the 20-day statutory time period, as required under 5 U.S.C. § 552(a)(6)(i), a requester may file suit without exhausting administrative appeal remedies. *See* 5 U.S.C.S. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."); *see also Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. United States Dep't of State*, 300 F. Supp. 3d 540, 546 (S.D.N.Y. 2018) ("An agency's failure to comply with the statute's time limits may be treated as 'constructive exhaustion' of administrative remedies," and authorizes "the requester to seek judicial review immediately.") (internal quotation marks omitted); *Int'l Refugee Assistance Project, Inc. v. United States Citizenship & Immigration Servs.*, 551 F. Supp. 3d 136, 150 (S.D.N.Y. 2021) ("Congress amended FOIA, 'evinc[ing] an increasing concern over the timeliness of disclosure, recognizing that *delay in complying with FOIA requests may be tantamount to denial*.'") (*quoting ACLU v. DOD*, 339 F. Supp. 2d 501, 504 (S.D.N.Y. 2004)) (emphasis added).

## II.    ICE Ignored Plaintiff's FOIA Request

16.     On July 31, 2025, Defendant ICE arrested Mr. Ge and detained him at MVPC pending further immigration proceedings.

4

17.    On August 5, 2025, personnel at MVPC found Mr. Ge unresponsive in a shower stall with a cloth ligature around his neck. He was soon pronounced dead.

18.    Seeking further information concerning Mr. Ge's death, Plaintiff, through counsel, sent a notice to preserve ("NTP") to MVPC, asking that all information and material related to Mr. Ge's detention and death be preserved. *See* **Exhibit 2** (Notice to Moshannon Valley Processing Center to Preserve Records and Materials, dated August 18, 2025).

19.    On September 9, 2025, Plaintiff, through counsel, sent a FOIA Request to Defendant ICE via mail, seeking various records related Mr. Ge, his detention, and death. *See* **Exhibit 3** (FOIA Request for Records Pertaining to Decedent Chaofeng Ge, dated September 9, 2025). Annexed to the FOIA Request was a signed Authorization for Release of Health Information and the NTP. Plaintiff's FOIA Request complied with DHS's regulations and ICE's internal procedures regarding the submission of FOIA requests.

20.    On September 15, 2025, Plaintiff received notification from the United States Postal Service that Defendant ICE had received the FOIA Request. *See* **Exhibit 4** (USPS Tracking Results). Accordingly, ICE was required to respond to the FOIA Request by October 14, 2025.

21.    By the end of day on October 14, 2025, Defendant ICE had not responded to, or even acknowledged, Plaintiff's FOIA Request. Nor did ICE provide any notice concerning unusual circumstances or a need for extended time.

## CLAIMS FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552, *et seq.*

22.    Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

23. Defendants DHS and ICE are subject to FOIA under 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1).

24. Plaintiff's FOIA Request complied with DHS's regulations and ICE's internal procedures regarding the submission of FOIA requests.

25. The information and records concerning Mr. Ge's detention and death at MVPCC subject to the FOIA Request constitute public records.

26. The information and records concerning Mr. Ge's detention and death at MVPCC subject to the FOIA Request are within the actual or constructive control or possession of DHS and ICE.

27. Defendants DHS and ICE failed to claim that any exemption to FOIA applies to the requested records, and the requested records do not fall within any lawful FOIA exemption.

28. Defendants DHS and ICE violated FOIA by failing to timely respond to Plaintiff's FOIA Request and adequately search for and disclose the requested public records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a) Declare that Defendants violated their obligations under FOIA, 5 U.S.C. §552, *et seq.*, when Defendants failed to produce the records responsive to Plaintiff's FOIA Request;

    b) Enjoin Defendants from continuing to withhold records responsive to Plaintiff's FOIA Request;

    c) Order Defendants to produce the records responsive to Plaintiff's FOIA Request "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii);

d)      Order Defendants, to produce a Vaughn Index, should it seek to invoke a

FOIA exemption, or alternatively, a Declaration under oath with facts sufficient to

justify the withholding of any records responsive to Plaintiff's FOIA Request;

e)      Award Plaintiff his reasonable attorney fees and other litigation costs

pursuant to 5U.S.C. § 552(a)(4)(E); and

f)       Grant Plaintiff such other and further relief as this Court may deem just

and proper.

Dated: March 17, 2026
       New York, New York                         Respectfully submitted,

                                                  BELDOCK, LEVINE & HOFFMAN, LLP
                                                  99 Park Avenue, PH/26th Fl.
                                                  New York, New York 10016


                                          By:_____
                                                  David B. Rankin

                                                  Tel.: (212) 277-5825
                                                  Email: DRankin@blhny.com

                                                  Jeremy A. Ravinsky
                                                  Tel. (212) 277-5872
                                                  Email: jravinsky@blhny.com

                                                  *Attorneys for Plaintiff*

7